UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA KNAPP JENKINS INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AS REPRESENTATIVE OF | § | |
| THE ESTATE OF MICHAEL JENKINS, | § | |
| AND AS NEXT FRIEND OF P.J.; | § | |
| ROBERTA JENKINS; AND | § | |
| DAVID JENKINS | § | |
| | § | |
| VS | § | CIVIL ACTION NO. _____ |
| | § | |
| HAWX SERVICES, LLC | § | PLAINTIFF DEMANDS A |
| D/B/A HAWX PEST CONTROL | § | TRIAL BY JURY |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JESSICA KNAPP JENKINS, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF MICHAEL JENKINS, AND AS NEXT FRIEND OF P.J.; ROBERTA JENKINS and DAVID JENKINS, hereinafter referred to as Plaintiffs, complaining of and against HAWX SERVICES LLC D/B/A HAWX PEST CONTROL, hereinafter referred to as Defendant, and for causes of action would show this Court as follows:

**I. Parties**

1.  Plaintiff, JESSICA KNAPP JENKINS, is an individual residing in Houston, Harris County, Texas. She is a citizen of the State of Texas

2.  Minor Plaintiff, P.J., is an individual residing in Houston, Harris County, Texas. He is a citizen of the State of Texas

3.  Plaintiff, ROBERTA JENKINS, is an individual residing in Clarksville, Montgomery County, Tennessee. She is a citizen of the State of Tennessee

4.     Plaintiff, DAVID JENKINS, is an individual residing in Clarksville, Montgomery County, Tennessee. He is a citizen of the State of Tennessee

5.     At all times relevant to the occurrence in question, Michael Jenkins was a resident of Houston, Harris County, Texas, and was a citizen of the State of Texas.

6.     Defendant, HAWX SERVICES LLC D/B/A HAWX PEST CONTROL, is a limited liability corporation that is formed and existing under the laws of the State of Utah, with a principal place of business in Utah. Defendant may be served by serving its registered agent in Texas. Defendant's agent for service in Texas is Matthew Mehr, and his address for service in Texas is 825 Luke Street, Irving, Texas 75061.

## II. Jurisdiction

7.     This is a negligence cause of action.

8.     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs. Specifically, Plaintiff JESSICA KNAPP JENKINS and Minor Plaintiff P.J. are citizens of Texas, Plaintiffs ROBERTA JENKINS and DAVID JENKINS are citizens of Tennessee, and Defendant HAWX SERVICES LLC D/B/A HAWX PEST CONTROL is a citizen of Utah. There is complete diversity between Plaintiffs and Defendant.

9.     Defendant HAWX SERVICES LLC D/B/A HAWX PEST CONTROL is subject to jurisdiction in the State of Texas and in the Southern District, because it consented to jurisdiction by doing business in the Southern District of Texas. Specifically, HAWX SERVICES LLC D/B/A HAWX PEST CONTROL did business, hired employees, and operated a fleet of company vehicles in the Southern District of Texas. One of Defendant's employees was operating one of Defendant's vehicles and was involved in the collision made the basis of this action.

### III. Venue

10. Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1391(b)(2), since a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas. Specifically, the crash which is made the basis of this claim occurred in Houston, Harris County, Texas.

### IV. Facts

11. It has become necessary to bring this lawsuit as a result of a motor vehicle collision which occurred on or about June 17, 2022. The collision occurred in Houston, Harris County, Texas.

12. The collision involved two vehicles.

13. The first vehicle was a pickup driven by an employee of HAWX SERVICES LLC D/B/A HAWX PEST CONTROL.

14. HAWX SERVICES LLC D/B/A HAWX PEST CONTROL owned and/or leased the pickup.

15. The driver of the pickup was within the course and scope of his employment with HAWX SERVICES LLC D/B/A HAWX PEST CONTROL at the time of the collision.

16. The second vehicle was a passenger car driven by Michael Jenkins.

17. The HAWX SERVICES LLC D/B/A HAWX PEST CONTROL driver ran a red light at the intersection of Clay Road and War Memorial Drive.

18. The HAWX SERVICES LLC D/B/A HAWX PEST CONTROL driver struck the passenger car driven by Michael Jenkins.

19. The passenger car driven by Michael Jenkins was proceeding reasonably and prudently through the intersection at the time of the crash.

20. The passenger car driven by Michael Jenkins was proceeding legally through the intersection at the time of the crash.

21. The passenger car driven by Michael Jenkins had a green light at the time of the crash.

22. As a direct and proximate result of the collision, Michael Jenkins was injured.

23. As a direct and proximate result of the collision, Michael Jenkins was fatally injured.

24. As a direct and proximate result of the collision, Michael Jenkins died.

## V. Wrongful Death

25. This case is brought pursuant to Chapter 71 *et seq.* of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, commonly referred to as the Wrongful Death and Survival Statutes and pursuant to the common law of the State of Texas.

26. Plaintiff JESSICA KNAPP JENKINS is the wife of the deceased, Michael Jenkins.

27. Minor Plaintiff P.J. is the son of the deceased, Michael Jenkins.

28. Plaintiff ROBERTA JENKINS is the mother of the deceased, Michael Jenkins.

29. Plaintiff DAVID JENKINS is the father of the deceased, Michael Jenkins.

## VI. Claims

30. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-29 into each Claim below as if fully set forth therein.

31. Plaintiffs further incorporate by reference each Claim set out below into each other Claim set out below as if fully set forth therein.

32. Plaintiffs plead each of the below Claims and Damages cumulatively and alternatively, with no election or waiver of rights or remedies.

### First Claim: Vicarious Liability of Hawx Services LLC d/b/a Hawx Pest Control for the Negligence and Gross Negligence of its Employee Driver

33. HAWX SERVICES LLC D/B/A HAWX PEST CONTROL was, at the time of the occurrence in question, operating a pest control business in Houston, Texas.

34. At the time and place of the occurrence in question, the HAWX SERVICES LLC D/B/A HAWX PEST CONTROL driver was operating the pickup he was driving while in the course and scope of his employment for Defendant HAWX SERVICES LLC D/B/A HAWX PEST CONTROL.

35. At the time of the occurrence in question, the HAWX SERVICES LLC D/B/A HAWX PEST CONTROL driver was guilty of the following acts of negligence and gross negligence, each of which is a separate act of negligence and gross negligence, and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged:

   1. Failing to control his speed;

   2. Failing to maintain a safe lookout;

   3. Driving while distracted and/or failing to pay attention to the traffic in front of and/or around him;

   4. Failing to slow and stop for a red light;

   5. Accelerating towards a yellow and/or red light;

   6. Failing to take proper evasive action in a timely manner to avoid the collision in question;

   7. Failing to provide adequate warning of the impending impact;

   8. Colliding with the passenger vehicle which had the right of way;

   9. Failing to yield the right of way to a motorist who had the right of way;

   10. Failing to operate his motor vehicle with ordinary care and/or as a reasonable and prudent person would have under the same or similar circumstances; and

   11. Violating Texas Transportation Code Chapter 545.

36. Each and all of the above and foregoing acts, both omission and commission, whether taken together and/or separately, are considered negligence and gross negligence, as that term is understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

37. Michael Jenkins was injured as a direct and proximate result of the negligence of HAWX SERVICES LLC D/B/A HAWX PEST CONTROL'S employee.

38. Michael Jenkins was killed as a direct and proximate result of the negligence of HAWX SERVICES LLC D/B/A HAWX PEST CONTROL'S employee.

39. HAWX SERVICES LLC D/B/A HAWX PEST CONTROL is legally responsible to Plaintiffs for the negligent conduct of its driver under the legal doctrines of *respondeat superior*, agency and/or ostensible agency.

40. The driver was at all times material hereto an agent, ostensible agent, servant and/or employee of HAWX SERVICES LLC D/B/A HAWX PEST CONTROL and was acting within the scope of such agency or employment.

41. HAWX SERVICES LLC D/B/A HAWX PEST CONTROL is vicariously liable for the negligence of its driver under the doctrine of *respondeat superior*.

**Second Claim: Direct Negligence and Gross Negligence of Hawx Services LLC d/b/a Hawx Pest Control**

42. As a company, HAWX SERVICES LLC D/B/A HAWX PEST CONTROL has duties under the common law to properly qualify, hire, train and/or supervise its employees.

43. HAWX SERVICES LLC D/B/A HAWX PEST CONTROL failed to properly qualify, hire, train, and/or supervise its employees, as evidenced by this driver's failure to slow and stop at a red light.

44. As a result of this failure, an unsafe driver was put out on the road, causing the occurrence in question.

45. Each of these acts or omissions by HAWX SERVICES LLC D/B/A HAWX PEST CONTROL is a separate act of negligence and gross negligence, and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged.

**Third Claim: Direct Negligence of Hawx Services LLC d/b/a Hawx Pest Control for Negligent Entrustment of its vehicle**

46. Hawx Services LLC d/b/a Hawx Pest Control entrusted its pickup to its employee.

47. Hawx Services LLC d/b/a Hawx Pest Control knew or should have known that its employee was an incompetent and/or reckless driver. As an example of his recklessness and/or incompetence, rather than approach the intersection with due diligence, the driver accelerated towards the intersection.

48. Hawx Services LLC d/b/a Hawx Pest Control's employee was negligent in his operation of the pickup that struck Michael Jenkins' vehicle for one or more of the reasons enumerated in Paragraph 35.

49. Plaintiff was injured as a direct and proximate result of the negligence of Hawx Services LLC d/b/a Hawx Pest Control's employee.

### VII. Damages

50. As a result of the negligence and/or gross negligence of the Defendant, as set out in one or more of the above Counts and incorporated by reference herein, Michael Jenkins, who was Plaintiff Jessica Knapp Jenkins' husband, Minor Plaintiff P.J.'s father, and Plaintiffs Roberta Jenkins and David Jenkins's son, sustained fatal injuries.

51. As such, Jessica Knapp Jenkins, P.J., Roberta Jenkins and David Jenkins have endured a great deal of mental anguish and emotional torment, and in all likelihood will continue to endure such mental anguish and emotional torment into the foreseeable future and/or a lifetime. Moreover, these Plaintiffs have suffered a tremendous loss of companionship and society because of Michael Jenkins' premature death, and will in all likelihood continue to suffer such loss into the foreseeable future and/or a lifetime.

Case 4:22-cv-02151   Document 1   Filed on 06/30/22 in TXSD   Page 8 of 10

52. Accordingly, Plaintiffs herein seek recovery for the following damages: (1) pecuniary loss sustained in the past; (2) pecuniary losses that, in reasonable probability, will be sustained in the future; (3) loss of companionship and society sustained in the past; (4) loss of companionship and society that, in reasonable probability, will be sustained in the future; (5) mental anguish sustained in the past; (6) mental anguish that, in reasonable probability, will be sustained in the future; and (7) loss of inheritance.

53. The evidence will also show that Michael Jenkins suffered an anguishing and painful death which led to costs associated with medical care, as well as his premature funeral and burial.

54. JESSICA KNAPP JENKINS is the duly designated representative of the Estate, and on behalf of the Estate, JESSICA KNAPP JENKINS seeks compensation for damages due and owing to the Estate as a result of the occurrence in question in the following particulars: (1) pain and mental anguish of Michael Jenkins; (2) medical expenses; and (3) funeral and burial expenses.

55. The evidence will also show that Defendant's actions and omissions were not just negligent, but grossly negligent. Because of the grossly negligent conduct of Defendant, Plaintiffs seek recovery for exemplary damages, which are any damages awarded as a penalty or by way of punishment and include punitive damages. In determining the amount of exemplary damages, the trier of fact should consider the following:

  a. The nature of the wrong.

  b. The character of the conduct involved.

  c. The degree of culpability of the wrongdoer.

  d. The situation and sensibilities of the parties concerned.

  e. The extent to which such conduct offends a public sense of justice and propriety.

  f. The net worth of each Defendant.

56. At the time of the occurrence in question, JESSICA KNAPP JENKINS was 30 years of age and had a minimum life expectancy of an additional 52 years; P.J. was 1 years of age and had a minimum life expectancy of an additional 75.6 years; ROBERTA JENKINS was 51 years of age and had a minimum life expectancy of an additional 32.4 years; DAVID JENKINS was 54 years of age and had a minimum life expectancy of an additional 26.5 years; Michael Jenkins was 31 years of age and had a minimum life expectancy of an additional 46.8 years. These life expectancies are in accordance with the United States Life Tables, a certified copy of which will be offered by the Plaintiffs as evidence in the trial of this cause.

### VIII. Pre-judgment and Post-judgment Interest

57. Plaintiffs would additionally say and show that they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre-judgment and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

### Demand for Jury Trial

Plaintiffs hereby demand a trial by jury.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendant, that they recover their damages, costs of Court herein expended, and interest, both pre- and post-judgment, to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**THE LINEBAUGH LAW FIRM, P.C.**

  /s/ *Daniel B. Linebaugh*
**DANIEL B. LINEBAUGH**
Federal ID No. 7040
Texas Bar No. 12388700
**TIMOTHY R. ALLEN**
Federal ID No. 2793089
Texas Bar No. 24092028
1300 Rollingbrook, Suite 601
Baytown, Texas 77521
281.422.0505
281.422.2641 – Facsimile
dlinebaugh@linebaughlaw.com
tallen@linebaughlaw.com
**ATTORNEYS FOR PLAINTIFFS**