# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA KNAPP JENKINS INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF MICHAEL JENKINS, AND AS NEXT FRIEND OF P.J.; ROBERT JENKINS; AND DAVID JENKINS<br>　　　Plaintiffs,<br><br>v.<br><br>HAWX SERVICES, LLC D/B/A HAWX PEST CONTROL<br>　　　Defendant. | §§§§§§§§§§§§§ | Civil Action No. 4:22-cv-02151<br>JURY DEMANDED |

## DEFENDANT HAWX SERVICES LLC D/B/A HAWX PEST CONTROL'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT

Defendant HAWX SERVICES LLC D/B/A HAWX PEST CONTROL ("Hawx" or "Defendant") files its Original Answer in response to the Complaint filed by Plaintiffs and states:

### I. PARTIES

1. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 1 whether Plaintiff is presently a citizen of the State of Texas, or resides in Houston, Harris County, Texas.

2. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 2 whether Plaintiff is presently a citizen of the State of Texas, or resides in Houston, Harris County, Texas.

3. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 3 whether Plaintiff is presently a citizen of the State of Tennessee, or resides in Clarksville, Montgomery County, Tennessee.

4. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 4 whether Plaintiff is presently a citizen of the State of Tennessee, or resides in Clarksville, Montgomery County, Tennessee.

5. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 5 whether Plaintiff is presently a citizen of the State of Tennessee, or resides in Clarksville, Montgomery County, Tennessee.

6. ==Hawx admits the allegations contained in Paragraph 6.==

## II. JURISDICTION

7. ==Hawx admits the allegations contained in Paragraph 7.==

8. ==Hawx admits the allegations contained in Paragraph 8.==

9. ==Hawx admits the allegations contained in Paragraph 9.==

## III. VENUE

10. ==Hawx admits the allegations contained in Paragraph== 10.

## IV. FACTS

11. Hawx admits the allegations contained in Paragraph 11.

12. Hawx admits the allegations contained in Paragraph 12.

13. Hawx admits the allegations contained in Paragraph 13.

14. Hawx admits the allegations contained in Paragraph 14.

15. Hawx admits the allegations contained in Paragraph 15.

16. Hawx admits the allegations contained in Paragraph 16.

17. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17 and therefore denies the allegations in paragraph 17.

18. Hawx lacks knowledge or information sufficient to admit or deny the allegations

in paragraph 18 and therefore denies the allegations in paragraph 18.

19. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19 and therefore denies the allegations in paragraph 19.

20. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20 and therefore denies the allegations in paragraph 20.

21. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21 and therefore denies the allegations in paragraph 21.

22. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 22 and therefore denies the allegations in paragraph 22.

23. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 23 and therefore denies the allegations in paragraph 23.

24. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24 and therefore denies the allegations in paragraph 24.

## V. WRONGFUL DEATH

25. Hawx admits the allegations contained in paragraph 25.

26. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 26 whether Plaintiff is the wife of the deceased, Michael Jenkins.

27. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 27 whether Minor Plaintiff P.J. is the son of the deceased, Michael Jenkins.

28. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 28 whether Plaintiff is the mother of the deceased, Michael Jenkins.

29. Hawx does not have sufficient information to admit or deny the allegations contained in Paragraph 29 whether Plaintiff is the father of the deceased, Michael Jenkins.

# VI. CLAIMS

30. Alliance lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 regarding the actions of other Defendants. As the allegations relate to Alliance, Alliance denies allegations in Paragraph 30.

31. Alliance lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 regarding the actions of other Defendants. As the allegations relate to Alliance, Alliance denies allegations in Paragraph 31.

32. Alliance lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 regarding the actions of other Defendants. As the allegations relate to Alliance, Alliance denies allegations in Paragraph 32.

33. Hawx admits the allegations contained in paragraph 33.

34. Hawx admits the allegations contained in paragraph 34.

35. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 35 and therefore denies the allegations in paragraph 35.

36. Hawx admits the allegations contained in paragraph 36.

37. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37 and therefore denies the allegations in paragraph 37.

38. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 38 and therefore denies the allegations in paragraph 38.

39. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39 and therefore denies the allegations in paragraph 39.

40. Hawx admits the allegations contained in paragraph 40.

41. Hawx lacks knowledge or information sufficient to admit or deny the allegations in

paragraph 41 and therefore denies the allegations in paragraph 41.

42. Hawx admits the allegations contained in paragraph 42.

43. Hawx denies the allegations contained in paragraph 43.

44. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44 and therefore denies the allegations in paragraph 44.

45. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45 and therefore denies the allegations in paragraph 45.

46. Hawx admits the allegations contained in paragraph 46.

47. Hawx denies the allegations contained in paragraph 47.

48. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 48 and therefore denies the allegations in paragraph 48.

49. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 49 and therefore denies the allegations in paragraph 49.

## VII. DAMAGES

50. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 50 and therefore denies the allegations in paragraph 50.

51. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 51 and therefore denies the allegations in paragraph 51.

52. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 52 and therefore denies the allegations in paragraph 52.

53. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 53 and therefore denies the allegations in paragraph 53.

54. Hawx lacks knowledge or information sufficient to admit or deny the allegations in

paragraph 54 and therefore denies the allegations in paragraph 54.

55. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 55 and therefore denies the allegations in paragraph 55.

56. Hawx lacks knowledge or information sufficient to admit or deny the allegations in paragraph 56 and therefore denies the allegations in paragraph 56.

## VIII. PRE- JUDGEMENT AND POST JUDGEMENT INTEREST

57. Paragraph 57 of the Complaint contains no factual allegations regarding Alliance requiring an admission or denial.

## JURY DEMAND

Defendant demands a trial by jury.

## PRAYER FOR RELIEF

Hawx respectfully requests that a take nothing judgment be entered in favor of Hawx, that Plaintiffs' claims and causes of action be dismissed with prejudice, and that Hawx be granted such further and other relief, including attorneys' fees and costs where applicable, to which he may show itself justly entitled.

Respectfully submitted,
**THE WILLIS LAW GROUP, PLLC**

*/s/Charles M. Kibler, Jr.*
CHARLES "CHUCK" KIBLER, JR.
State Bar No. 24036900
BENJAMIN N. ROEDER
State Bar No. 17156600
CHARLES "CHUCK" KIBLER, JR.
State Bar No. 24036900
KIRK D. WILLIS
State Bar No. 21648500
17040 El Camino Real
Suite 300
Houston, Texas 77058

Telephone(281)953-2222
Facsimile: (281)953-2272
service@thewillislawgroup.com
**ATTORNEYS FOR DEFENDANT HAWX SERVICES, LLC D/B/A HAWX PEST CONTROL**

## CERTIFICATE OF SERVICE

I certify that on July 29, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S.D.C. Southern District of Texas, using the electronic case filing system of the court. I hereby certify I have served all counsel of record electronically.

*/s/ Charles M. Kibler, Jr.*
**Charles M. Kibler**